In the suit, first named in the title, Edwin T. McGovern sued the United Railway Men's Oil Association for $2,216 and for interest thereon. Of this sum he alleges that $1,520 are due him as wages for services rendered and labor performed for defendant, as field manager, master mechanic, and laborer, and that the balance is due him on a promissory note executed by defendant. He alleges that he has a privilege on a drilling outfit, belonging to defendant, to secure the payment of said indebtedness, and that he fears that defendant will part with or remove, during the pendency of the suit, from the jurisdiction of the court, the property on which the privilege exists, and therefore alleges that he is entitled to a writ of sequestration to protect his rights. *Page 968 
Plaintiff also alleges that defendant resides out of the state of Louisiana, and therefore that a curator ad hoc should be appointed to represent it, upon whom service may be made, and that he is entitled to the issuance of a writ of attachment. A curator ad hoc was appointed to represent defendant, and the writs of sequestration and attachment were ordered to issue. Service of the citation and the petition was made on the curator ad hoc and by posting on the courthouse door. Defendant, through its curator ad hoc, excepted to the manner of making service. The exception was overruled. Defendant then, through its curator ad hoc, after reserving the benefits of its exception, filed its answer. The case was tried and judgment was rendered for plaintiff on October 16, 1922, and was signed on December 23 of that year. Defendant has appealed from this judgment.
On June 30, 1922, about two months and a half after McGovern had filed his suit, the second suit named in the title of this appeal was filed. In it D.W.B. Kurtz, Jr., sued the defendant on a promissory note for $3,000, alleged to have been made by defendant, and for the recognition and enforcement of a chattel mortgage, alleged to have been executed by defendant in favor of Kurtz on certain property belonging to defendant, which property includes that seized by McGovern under his writ of attachment. On the same day that this suit was instituted an answer was filed, purporting to have been signed by defendant, admitting all of the allegations of Kurtz's petition, confessing judgment in favor of Kurtz for the amount sued for, and also confessing judgment in his favor, recognizing the chattel mortgage executed. On the same day that the suit and the answer were filed, judgment was rendered in favor of plaintiff in accordance with the confession of judgment made.
Shortly after Kurtz obtained judgment, *Page 969 
and before McGovern's suit had proceeded to judgment, Kurtz caused execution to issue from the judgment obtained by him, and seized the property on which his mortgage had been recognized. As the property seized included that on which McGovern was claiming a privilege as field manager, master mechanic, and laborer in his suit against the United Railway Men's Oil Association, he filed a third opposition in the Kurtz suit, in which he sets forth the indebtedness of $2,116, which he claims is due him by the United Railway Men's Oil Association, the existence of the privilege mentioned above; his right, by reason of that privilege, to be paid out of the proceeds of the sale about to be made under the writ issued in the Kurtz Case, in preference to Kurtz, himself, and then alleges that the mortgage granted Kurtz, which is the mortgage recognized by the latter's judgment, is illegal, and that the indebtedness sought to be secured by the same is fictitious. He prays that the sheriff be ordered to separately appraise and sell the property on which he claims a privilege, and that he be paid out of the proceeds of the sale in preference to all other creditors of the United Railway Men's Oil Association. In accordance with the prayer of his petition the court granted him an order, directing the sheriff to separately appraise and sell the property on which McGovern claimed a privilege, and to hold the proceeds of the sale until the further orders of court.
At the first offering of the property made, under the writ issued at the instance of Kurtz, the property failed to sell. The sheriff then readvertised it for sale on twelve months' time, the purchaser to furnish a twelve months' bond. At the second offering Kurtz bid for the property, but the sheriff refused to adjudicate it to him for the reason that Kurtz declined to give a twelve months' bond, and instead offered the sheriff *Page 970 
a receipt for the amount of his bid, which receipt showed that the amount thereof was to be credited on the judgment which was being executed by Kurtz. After the sheriff accepted service on a rule, tendered him for that purpose by Kurtz, the contents of which will be hereafter stated, he proceeded with the crying of the property, and adjudicated it to Jules Dupuy for $1,500.
When the sheriff refused to accept Kurtz's bid, Kurtz filed the rule above mentioned. The rule sets out that Kurtz caused execution to issue from his judgment; that under this execution the sheriff seized certain property and advertised it for sale; that at said sale Kurtz was the last and highest bidder therefor; that, notwithstanding the clerk's certificate showed the existence of Kurtz's mortgage on the property seized, the sheriff refused to accept his bid, for the reason that McGovern had filed a third opposition claiming the right to be paid in preference to Kurtz, and because the latter, notwithstanding said third opposition, refused to furnish a twelve months' bond, but instead tendered the sheriff the receipt heretofore mentioned, and requested the sheriff to credit the amount on his (Kurtz's) judgment. The prayer of the rule is that the sheriff be ordered to show cause why he should not execute proper title to the property to Kurtz, and also is that McGovern be ordered to how cause why the third opposition filed by the latter should not be dismissed.
The sheriff filed an answer, putting this rule at issue. He avers substantially that he was not called upon to accept Kurtz's bid for the reason that Kurtz refused to comply with the conditions of the sale, and that the only legal bid made was the one made by Dupuy, who complied with the conditions of the sale. He prays that the rule be dismissed.
McGovern also filed an answer to the rule. He denies, among other things, the legality *Page 971 
of Kurtz's judgment, and avers that it was obtained by fraud, without citation or issue joined, and without legal proceedings had. He also denies the legality of Kurtz's mortgage, and prays that the rule be dismissed.
The foregoing rule and the third opposition of McGovern were consolidated for the purpose of trial. The trial court heard the evidence and rendered judgment, annulling the judgment rendered in favor of Kurtz; dismissing the rule filed by him, and dismissing the third opposition of McGovern.
The sheriff alone has appealed from this judgment. McGovern alone has filed an answer to the appeal. The United Railway Men's Oil Association obtained an order of appeal, but did not perfect it by filing bond, and hence is only an appellee.
 Opinion.
As seen from the foregoing statement, there are two appeals before us — one by the United Railway Men's Oil Association from the judgment against it, rendered in favor of McGovern, and the other by the sheriff from the judgment on the rule and on the third opposition of McGovern.
We shall consider the appeal by the United Railway Men's Association first. In our opinion the exception to the citation filed by defendant, through its curator ad hoc, should have been sustained. The law requires all foreign corporations doing business in this state to appoint an agent on whom process may be served, and the presumption is that they comply with the law in this respect. In this instance it appears that the United Railway Men's Association appointed Kurtz as its agent for that purpose, and filed the appointment with the Secretary of State. Hence service should have been made on Kurtz as the agent of that association, and, if Kurtz could not be found, then upon any employee or employed agent of the corporation over 18 years of age in any office maintained by the association in this state, and, *Page 972 
in the event no such agent or employee could be found, then, upon the order of the judge, or, in his absence, upon the order of the clerk of court, on the Secretary of State. Section 1 of Act 179 of 1918, p. 334. As the only service made was by posting and on a curator ad hoc, the exception should have been sustained. For these reasons the judgment rendered in that suit will be annulled.
It has been suggested, with respect to the second appeal, that we have no jurisdiction for the reason that the fund to be distributed does not exceed $2,000. If the only matter in dispute was the distribution of the fund created by the sale, the position taken would be correct. However, the appeal involves more than the distribution of a fund. It also involves a demand for the transfer of title to property, which property, we are satisfied from the record, is worth more than $2,000, notwithstanding that it brought less than that amount at the sale. Because of the latter demand, we think we have jurisdiction as to the remainder of the appeal.
While we conclude that we are vested with jurisdiction as relates to the second appeal, yet the question forces itself whether any one has appealed who has an interest in doing so. It will be recalled that the only appeal taken from the judgment rendered on the rule and on the third opposition, filed by McGovern, was the one taken by the sheriff. The sheriff was ruled into court merely to show cause why he should not be required to accept the bid made by Kurtz and to deliver the property to him as the lawful purchaser. The sheriff's prayer in his answer to this rule was that the rule be dismissed, and it was dismissed. His interest would seem to have ended there, unless some one at interest had appealed from the judgment dismissing the rule, in which event he would have had the right to have insisted that the judgment dismissing the rule be affirmed. It is true that the trial court in *Page 973 
dismissing the rule also annulled the judgment under which the sale was made. This, however, did not give the sheriff a right to appeal and ask that the judgment annulled be reinstated. It was no concern of his whether that judgment was annulled or not. To sanction his appeal, in this instance, would be in effect to permit him to appeal for the purpose of championing the rights of others. This we cannot do. Since the appeal of the sheriff must be dismissed, the answer of McGovern, filed in response to that appeal, falls with it.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment rendered in the case of McGovern v. The United Railway Men's Oil Association be annulled and set aside, that said exception to the citation be sustained, and said case dismissed, and it is further ordered and decreed that the appeal taken from the judgment rendered on said rule and on the third opposition of McGovern be dismissed, the costs of the lower court in the first-named case to be borne by McGovern, and the costs of appeal in the second-named case to be borne equally by the litigants herein.
O'NIELL, C.J., takes no part, not having heard the argument.
 On Rehearing.